# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL RAY HOUSEHOLDER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| GERALD MCCLUNG, Sheriff, Clay | * | No. 3:11-cv-00128-SWW-JJV |
| County; and CLAY COUNTY SHERIFF'S | * | |
| DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Michael Householder filed his Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983. He alleges that while detained by the Clay County Sheriff's Department he was denied medical, mental health, and dental care. Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his Complaint (Doc. No. 2) should be DISMISSED without prejudice.

### I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## II.   ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Clay County Sheriff's Department

In his Complaint, Plaintiff names the Clay County Sheriff's Department as a Defendant. The sheriff's department is not considered a "person" within the meaning of 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments or subdivisions of city government and not separate "juridical" entities suable). Plaintiff's claim against the Clay County Sheriff's Department should, therefore, be DISMISSED.

### B.     Sheriff McClung

Plaintiff also names Clay County Sheriff Gerald McClung as a defendant. (Doc. No. 2). Plaintiff's Complaint is silent as to whether he is suing Sheriff McClung in his official or individual capacity. When a plaintiff's complaint is silent as to the capacity in which the plaintiff is suing the defendant, the Court interprets the complaint as only including official capacity claims. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

A suit against Sheriff McClung in his official capacity is in essence a suit against Clay County. *See Barbeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010); *Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006). "A county is liable under § 1983 if an action or policy itself violated federal law, or if the action or policy was lawful on its face but led an employee to violate a plaintiff's rights and was taken with deliberate indifference as to its known or obvious consequences." *Butler*, 465 F.3d at 342 (quoting *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 982 (8th Cir. 2006)). Based on the facts alleged, Plaintiff does not make an official capacity claim against Sheriff McClung.

Furthermore, even if Plaintiff had sued Sheriff McClung in his individual capacity, the Court would find that Plaintiff failed to state a claim against Sheriff McClung. For Sheriff McClung to be liable under § 1983 in his individual capacity, Plaintiff must allege that Sheriff McClung was personally involved in the alleged deprivation of his constitutional rights and liability cannot not be predicated solely on the grounds of *respondeat superior*. *See Parrat v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff fails to allege Sheriff McClung was personally involved in the deprivation of his constitutional rights. Thus, Plaintiff also fails to state a claim against Sheriff McClung in his individual capacity. For these reasons, the Court finds that Plaintiff's claims against Sheriff McClung should be DISMISSED.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and an accompanying judgment would not be taken in good faith.

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

DATED this 3rd day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE